UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JODY LIU,<br>    Plaintiff<br><br>v.<br><br>CITY OF MEDFORD-MEDFORD<br>PUBLIC SCHOOLS, ROY BELSON,<br>and BEVERLY NELSON,<br>    Defendants | CIVIL ACTION NO. 1:21-cv-10475-FDS |

**ANSWER OF DEFENDANT BEVERLY NELSON TO PLAINTIFF JODY LIU'S COMPLAINT**

The Defendant Beverly Nelson ("Nelson" or "Defendant"), by and through her attorneys, hereby files her Answer to the Plaintiff's Complaint (the "Complaint"), responding to the allegations set forth in the Complaint, asserting affirmative defenses, and demanding a trial by jury. The Defendant reserves all rights to seek additional relief or rely upon additional defenses to the Complaint by appropriate motion. All allegations not specifically admitted are denied.

**I.  NATURE OF CLAIM**

Nelson states that the statements contained under the heading "Nature of Claim" are introductory and/or constitute conclusions of law to which no response is required. To the extent the statements are deemed to require a response, Nelson admits that the Plaintiff has asserted various claims against the Defendant.

**II.  ADMINISTRATIVE PROCEEDINGS**

1.  Nelson admits that the Plaintiff dual filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the U.S. Equal Employment Opportunity Commission ("EEOC") against Nelson, Roy Belson, and City of Medford – Medford

1

Public Schools ("Medford") on or about April 12, 2018. The Defendant states that whether the filing was timely is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Nelson denies the remaining allegations contained in Paragraph No. 1.

2. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 2 regarding when the Plaintiff received a right to sue letter from the EEOC or dismissal from the MCAD.

3. Nelson states that the allegations contained in Paragraph No. 3 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Nelson denies the allegations contained in Paragraph No. 3.

### III. JURISDICTION

4. Nelson states that the allegations contained in Paragraph No. 4 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Nelson admits that this Court has jurisdiction over this case.

5. Nelson states that the allegations contained in Paragraph No. 5 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Nelson admits that this Court has jurisdiction over this case.

6. Nelson states that the allegations contained in Paragraph No. 6 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Nelson admits that venue is proper in this Court.

### IV. PARTIES

7. Nelson admits that the Plaintiff self-identifies as an Asian female, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 7.

8. Nelson states that the allegations contained in Paragraph No. 8 are not directed to her and constitute conclusions of law and, therefore, do not require a response.

9. Nelson states that the allegations contained in Paragraph No. 9 are not directed to her and constitute conclusions of law and, therefore, do not require a response.

10. Nelson states that the allegations contained in Paragraph No. 10 are not directed to her and constitute conclusions of law and, therefore, do not require a response.

11. Admitted.

12. Nelson states that the allegations contained in Paragraph No. 12 are not directed at her and, therefore, do not require a response.

13. Nelson states that the allegations contained in Paragraph No. 13 are not directed at her and, therefore, do not require a response.

14. Nelson admits that she is an adult residing in North Andover, Massachusetts in Essex County, and was the Deputy Superintendent of Medford Public Schools from in or around July 2011 until June 2018. Nelson denies the remaining allegations contained in Paragraph No. 14.

15. Denied.

16. Nelson admits that, during the time that she served as Deputy Superintendent of Medford Public Schools, she and Belson were, among others, leaders of Medford Public School's Central Administration.

17. Nelson admits that, during her time as Deputy Superintendent of Medford Public Schools, oversight of Medford Public Schools and school employees was conducted by and through its Superintendent, Deputy Superintendent, its School Committee, and others.

V.  **FACTS**

18. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 18.

19. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 19.

20. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 20.

21. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 21.

22. Nelson admits that the Plaintiff obtained tenure/professional status while teaching at the Medford High School, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 22.

23. Nelson admits that the Plaintiff was a teacher within Medford Public Schools, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 23.

24. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 24.

25. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 25.  In further responding, Nelson states that the Medford Public School's Mission speaks for itself and denies the Plaintiff's partial characterization of it in Paragraph No. 25.

26. Nelson admits that the Plaintiff has served in numerous roles, including some for which she was paid a stipend, during her employment with Medford Public Schools, but lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations as characterized and contained in Paragraph No. 26.

27. Nelson admits that the Plaintiff has engaged in professional development during her employment with Medford Public Schools, including obtaining various administrative licensures, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as characterized and contained in Paragraph No. 27.

28. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the unidentified "numerous accolades regarding her performance" that the Plaintiff alleges to have received in Paragraph No. 28. In further responding, Nelson states that the Plaintiff's evaluations speak for themselves and denies the Plaintiff's partial characterizations thereof in Paragraph No. 28.

29. Nelson states that the Plaintiff's evaluations speak for themselves and denies the Plaintiff's partial characterizations thereof in Paragraph No. 29.

30. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 30, which includes quotations from unidentified sources. To the extent that the quotations are taken from written documents, including the Plaintiff's evaluations, such documents speak for themselves and Nelson denies the Plaintiff's partial characterizations thereof in Paragraph 30.

31. Nelson admits that the Plaintiff expressed a desire for an administrative position within the Medford Public Schools.

32. Nelson admits that the Plaintiff obtained licensure for Principal or Assistant Principal positions for Pre-K through sixth grade on February 27, 2017, for grades five through eight on July 9, 2013, and for grades nine through twelve on June 19, 2013, but lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 32.

33. Nelson admits that the Plaintiff discussed her desire for an administrative position with her at some point. Nelson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 33.

34. Nelson states that the allegations contained in Paragraph No. 34 are vague, ambiguous, and speculative. Nelson, therefore, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 34.

35. Nelson supported, encouraged, and mentored Teachers seeking administrative licensure throughout her time as an administrator with the Medford Public Schools, but denies the remaining allegations in Paragraph No. 35 as stated.

36. Nelson denies the allegations contained in the first sentence in Paragraph No. 36. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence in Paragraph No. 36.

37. Nelson admits that the Plaintiff applied for various administrative positions during Nelson's time as Deputy Superintendent, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 37.

38. Denied.

39. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 39.

40. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 40.

41. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 41.

42. Nelson lacks knowledge or information sufficient to form a belief about the truth of what N.T. is alleged to have said to the Plaintiff, but denies that any alleged statements contained in Paragraph No. 42 were at her behest.

43. Nelson admits that the Plaintiff applied for various administrative positions during Nelson's time as Deputy Superintendent, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 43.

44. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 44.

45. Nelson admits that the Plaintiff applied for various administrative positions during Nelson's time as Deputy Superintendent, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 45.

46. Nelson admits that the Plaintiff applied for various administrative positions during Nelson's time as Deputy Superintendent, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 46.

47. Nelson admits that in or around 2017, an Assistant Principal position at Medford High School was restored.

48. Nelson denies the allegations contained in Paragraph No. 48 as they pertain to her.

49. Nelson admits that she supported the Plaintiff's application to the Assistant Principal position at the McGlynn Middle School, but denies the remaining allegations contained in Paragraph No. 49 as they pertain to her.

50. Nelson admits that the Plaintiff applied for the Assistant Principal position at the McGlynn Middle School for the 2017-2018 academic year, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 50.

51. Denied.

52. Nelson admits that I.C., a black male, was selected as Assistant Principal of Medford High School, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 52.

53. Nelson admits that John Perella, when he was Principal of Medford High School, was involved in the hiring decisions for Assistant Principals at his school, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph No. 53.

54. Nelson admits that the Plaintiff was hired as the Assistant Principal of the McGlynn Middle School for the 2017-2018 academic year, but denies the remaining allegations contained in Paragraph No. 54.

55. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 55 as to the Plaintiff's concerns. In further responding, Nelson states that she did not set the Plaintiff up to fail.

56. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 56.

57. Denied.

58. Nelson admits that the Plaintiff's direct supervisor at the McGlynn Middle School initially was then Principal Jake Edwards until February 2018, but denies the remaining allegations

contained in the first sentence in Paragraph No. 58. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences in Paragraph No. 58.

59. Denied.

60. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences in Paragraph No. 60.

61. Nelson denies that the Plaintiff complained to her about racial disparity in student discipline, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 61.

62. Denied.

63. Denied.

64. Nelson admits that Jake Edwards was placed on leave on or about February 22, 2018 as a result of his alleged handling of ammunition found at the McGlynn Middle School. Nelson lacks knowledge or information sufficient to form a belief about how many hours a day the Plaintiff worked, but denies the remaining allegations contained in the second sentence in Paragraph No. 64.

65. Denied.

66. Nelson admits that the Plaintiff was thanked for her assistance in planning the open house event, but denies the remaining allegations contained in Paragraph No. 66.

67. Nelson admits that N.T. was named Interim/Acting principal in March 2018, but denies the remaining allegations contained in Paragraph No. 67.

68. Nelson denies the allegations in the first sentence in Paragraph No. 68. Nelson admits that Principals generally earn a higher salary than Assistant Principals, but lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 68.

69. Nelson admits that the Plaintiff requested a higher rate of pay, but denies the remaining allegations contained in Paragraph No. 69.

70. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 70. In further responding, Nelson states that any written communications speak for themselves and denies the Plaintiff's characterizations thereof in Paragraph No. 70. Nelson denies the remaining allegations contained in Paragraph No. 70.

71. Nelson states that any written communications speak for themselves and denies the Plaintiff's characterizations thereof in Paragraph No. 71.

72. Denied.

73. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 73.

74. Denied.

75. Nelson admits that Medford Public Schools arranged to have R.S., a white male and former administrator of MPS, assist the Plaintiff at the McGlynn Middle School, but denies the remaining allegations contained in Paragraph No. 75.

76. Nelson admits that the Plaintiff requested meetings regarding the division of job duties and responsibilities, but denies the remaining allegations contained in Paragraph No. 76.

77. Nelson states that the written communications referenced speaks for themselves and denies the partial characterization thereof in Paragraph No. 77.

78. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 78.

79. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 79.

80. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 80 regarding what the Plaintiff believed, but denies that the Plaintiff was treated unfairly.

81. Nelson admits that the Plaintiff filed a Charge of Discrimination with the MCAD and EEOC on or about April 12, 2018, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph No. 81.

82. Nelson admits that at some point after April 12, 2018, she became aware of the Plaintiff's Charge of Discrimination.

83. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 83.

84. Denied.

85. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 85.

86. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 86.

87. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 87.

88. Nelson admits that on or about May 11, 2018, N.T. was named Principal of the McGlynn Middle School.  In further responding, Nelson denies that Medford's decision to make N.T. Principal was because of or related in any way to the Plaintiff's external complaint.

89. Nelson admits that N.T. is a white male, but lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 89.

90. Nelson states that the Plaintiff's evaluations speak for themselves and denies the Plaintiff's partial characterizations thereof in Paragraph No. 90.

91. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 91.

92. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 92.

93. Denied.

94. Denied.

95. Nelson admits that she and Belson retired in June 2018.

96. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 96.

97. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 97.

98. Nelson lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in Paragraph 98.

99. Denied.

100. Denied.

101. Denied.

102. Denied

### COUNT 1: RACE DISCRIMINATION IN EMPLOYMENT
### ALL DEFENDANTS

103. Nelson restates and incorporates by reference as if fully stated herein her responses to Paragraph Nos. 1 through 102.

104. Denied.

105. Denied.

106. Denied.

WHEREFORE, Nelson demands judgment in her favor dismissing all claims against her, and for such other and further relief as the Court deems appropriate, including, without limitation, the Defendant's costs incurred in the defense of this action and reasonable attorneys' fees.

### COUNT 2: GENDER DISCRIMINATION IN EMPLOYMENT
### ALL DEFENDANTS

107. Nelson restates and incorporates by reference as if fully stated herein her responses to Paragraph Nos. 1 through 106.

108. Denied.

109. Denied.

110. Denied.

WHEREFORE, Nelson demands judgment in her favor dismissing all claims against her, and for such other and further relief as the Court deems appropriate, including, without limitation, the Defendant's costs incurred in the defense of this action and reasonable attorneys' fees.

### COUNT 3: RETALIATION
### ALL DEFENDANTS

111. Nelson restates and incorporates by reference as if fully stated herein her responses to Paragraph Nos. 1 through 110.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

WHEREFORE, Nelson demands judgment in her favor dismissing all claims against her, and for such other and further relief as the Court deems appropriate, including, without limitation, the Defendant's costs incurred in the defense of this action and reasonable attorneys' fees.

## COUNT 4: FAILURE TO INVESTIGATE AND REMEDY
## CITY OF MEDFORD – MEDFORD PUBLIC SCHOOLS

117. Nelson restates and incorporates by reference as if fully stated herein her responses to Paragraph Nos. 1 through 116.

118. Nelson states that the allegations contained in Paragraph No. 118 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 118.

119. Nelson states that the allegations contained in Paragraph No. 119 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 119.

120. Nelson states that the allegations contained in Paragraph No. 120 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 120.

121. Nelson states that the allegations contained in Paragraph No. 121 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 121.

122. Nelson states that the allegations contained in Paragraph No. 122 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 122.

123. Nelson states that the allegations contained in Paragraph No. 123 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 123.

124. Nelson states that the allegations contained in Paragraph No. 124 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 124.

125. Nelson states that the allegations contained in Paragraph No. 125 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 125.

WHEREFORE, Nelson demands judgment in her favor dismissing all claims against her, and for such other and further relief as the Court deems appropriate, including, without limitation, the Defendant's costs incurred in the defense of this action and reasonable attorneys' fees.

### COUNT 5 – VIOLATIONS OF MEPA AND EPA
### CITY OF MEDFORD – MEDFORD PUBLIC SCHOOLS

126. Nelson restates and incorporates by reference as if fully stated herein her responses to Paragraph Nos. 1 through 125.

127. Nelson states that the allegations contained in Paragraph No. 127 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 127.

128. Nelson states that the allegations contained in Paragraph No. 128 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 128.

129. Nelson states that the allegations contained in Paragraph No. 129 are not directed at her and, therefore, do not require a response. To the extent a response is required, Nelson denies the allegations contained in Paragraph No. 129.

WHEREFORE, Nelson demands judgment in her favor dismissing all claims against her, and for such other and further relief as the Court deems appropriate, including, without limitation, the Defendant's costs incurred in the defense of this action and reasonable attorneys' fees.

## **AFFIRMATIVE DEFENSES**

The Defendant asserts the following Affirmative Defenses, expressly reserving her right to amend her Answer and to rely upon additional Affirmative Defenses as may become known during the course of this litigation and before verdict or judgment, as of right or by appropriate motion.

### **First Affirmative Defense**

The Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim against the Defendant upon which relief can be granted.

### **Second Affirmative Defense**

The Plaintiff's claims are barred in whole or in part by the applicable statute of limitations period.

### **Third Affirmative Defense**

The Plaintiff, by her conduct and actions and/or the conduct and actions of her agents, has waived any and all rights she may have against the Defendant and, therefore, cannot recover.

### Fourth Affirmative Defense

The Plaintiff, by her conduct and actions and/or the conduct and actions of her agents, is estopped to recover any judgment against the Defendant.

### Fifth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and/or acquiescence.

### Sixth Affirmative Defense

The Plaintiff's claims are barred to the extent that she has failed to exhaust her administrative remedies.

### Seventh Affirmative Defense

If the Plaintiff has suffered any injury, harm, or damages because of the Defendant's conduct, which the Defendant denies, she has failed to mitigate her damages.

### Eighth Affirmative Defense

The Defendant states that her actions were at all times legitimate, non-pretextual, non-discriminatory, and non-retaliatory.

### Ninth Affirmative Defense

The Plaintiff has failed to state a *prima facie* case of discrimination on the basis of race or gender and cannot establish that she was discriminated against in violation of M.G.L. c. 151B, Title VII, or Section 1981.

### Tenth Affirmative Defense

The Plaintiff has failed to state a *prima facie* case of retaliation and cannot establish that she was retaliated against in violation of M.G.L. c. 151B, Title VII, or Section 1981.

### Eleventh Affirmative Defense

The Plaintiff cannot establish that the Defendant's conduct was motivated by any discriminatory, retaliatory, or unlawful animus.

### Twelfth Affirmative Defense

The Plaintiff was not treated differently than similarly situated individuals who are not in her alleged protected classes, and she cannot prove disparate treatment.

### Thirteenth Affirmative Defense

To the extent the Defendant had any obligation to the Plaintiff, such obligations were fully, completely, and properly performed in every respect.

### Fourteenth Affirmative Defense

The Plaintiff cannot establish that the Defendant's conduct was willful, malicious, outrageous, or in gross disregard of her rights, and therefore is not entitled to recover punitive damages.

### Fifteenth Affirmative Defense

At all times relevant hereto, the Defendant acted reasonably and in good faith and did not violate any rights which may be secured to the Plaintiff under federal, state, or local laws, rules, regulations, or guidelines.

### Sixteenth Affirmative Defense

The Defendant states that her actions were neither the proximate nor actual cause of any damages suffered by the Plaintiff.

### Seventeenth Affirmative Defense

The Plaintiff's claims are barred in whole or in part because 42 U.S.C. § 1981 does not provide a private right of action.

### **Eighteenth Affirmative Defense**

The Plaintiff's claims are barred in whole or in part because the Plaintiff cannot establish individual liability against the Defendant.

### **RESERVATION OF RIGHTS**

The Defendant reserves the right to rely upon other defenses that may become known during the course of discovery by appropriate motion.

### **JURY CLAIM**

The Defendant hereby claims a trial by jury on all claims so triable.

> Respectfully submitted,
>
> BEVERLY NELSON,
>
> By her Attorneys,
>
> */s/ Meghan C. Cooper*
> Rebecca J. Wilson, BBO No. 529980
> Meghan C. Cooper, BBO No. 681418
> Peabody & Arnold LLP
> Federal Reserve Plaza
> 600 Atlantic Avenue
> Boston, MA  02210
> (617) 951-2100
> rwilson@peabodyarnold.com
> mcooper@peabodyarnold.com

Dated: May 17, 2021

## CERTIFICATE OF SERVICE

      I, Meghan C. Cooper, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed by First Class Mail to those indicated as non-registered participants on this 17th day of May, 2021.

                                                    */s/ Meghan C. Cooper*
                                                    Meghan C. Cooper

1923461_1
14669-203065